**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | | |
|---|---|---|
| ATC TIRES PRIVATE LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES | ) | Court No. 26-02810 |
| Defendant. | ) | |

**COMPLAINT**

Pursuant to Rules 3(a)(2), 5, 7(a), 8, 10, and 11 of the Rules of the United States Court of International Trade, Plaintiff ATC Tires Private Ltd. ("Plaintiff"), by and through its attorneys, Steptoe LLP, hereby alleges the following for its complaint against Defendant, the United States:

**JURISDICTION**

1. This action is a challenge to the United States Department of Commerce's ("Commerce") final results in the 2023 countervailing duty administrative review covering certain pneumatic off-the-road ("OTR") tires from India. The final results were published as *Certain New Pneumatic Off-the-Road Tires From India: Final Results of Countervailing Duty Administrative Review; 2023*, 91 Fed. Reg. 13,285 (Dep't of Commerce, Mar. 19, 2026) ("*Final Results*") and accompanying Issues and Decision Memorandum for the Final Results (Dep't of Commerce, Mar. 16, 2026). The amended final results were published as *Certain New Pneumatic Off-The-Road Tires From India: Amended Final Results of Countervailing Duty Administrative Review; 2023*, 91 Fed. Reg. 23,063 (Dep't of Commerce, Apr. 29, 2026) ("*Amended Final Results*").

2. This action arises and is brought under sections 516A(a)(2)(A)(i)(II) and 516A(a)(2)(B)(i) of the Tariff Act of 1930, *as amended* ("the Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (a)(2)(B)(i). This Court possesses exclusive jurisdiction over actions arising under those provisions, pursuant to 28 U.S.C. § 1581(c).

## STANDARD OF REVIEW

3. The standard of review, as set forth in 19 U.S.C. § 1516a(b)(1)(B), is whether the determinations, findings, or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

## STANDING OF PLAINTIFF

4. Plaintiff is a producer and exporter of OTR tires from India.

5. As a foreign producer and exporter, Plaintiff is an interested party within the meaning of sections 771(9)(A) and 516A(f)(3) of the Act, 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3). Plaintiff also fully participated in the proceeding below. It submitted questionnaire responses and filed case and rebuttal briefs. As an "interested party" that actively participated in the proceeding below, and that is adversely affected by the contested final results, Plaintiff has standing to commence this action under 19 U.S.C. § 1516a(a)(2)(A), 19 U.S.C. § 1516a(d), 28 U.S.C. § 2631(c), and 28 U.S.C. § 1581(c).

## TIMELINESS OF THIS ACTION

6. On March 19, 2026, Commerce published in the *Federal Register* the *Final Results*. In accordance with section 516A(a)(2)(A)(i)(II) of the Act and 19 U.S.C. § 1516a(a)(2)(A)(i)(II), Plaintiff filed a timely summons on April 17, 2026. That filing was within 30 days of the publication of the order. Further, this complaint is being filed within 30 days of the summons. Accordingly, this action has been timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II), 28 U.S.C. § 2636(c), and Court of International Trade Rules 3(a)(2) and 6(a).

## STATEMENT OF FACTS

7. On May 8, 2024, Commerce initiated the 2023 countervailing duty administrative review into Plaintiff's sales and entries of OTR tires from India, in response to requests filed on April 1, 2024, by Plaintiff and Titan Tire Corporation ("Petitioner"). *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 38,867 (Dep't of Commerce, May 8, 2024).

8. In responding to Commerce's initial questionnaire during the administrative review, Plaintiff presented information regarding several programs, including the Advance Authorization Program ("AAP"), tax and duty incentives provided under the Export-Oriented Unit ("EOU") and Special Economic Zones ("SEZ") programs, water purchases from the State Government of Gujarat ("SGOG"), and the Export Promotion of Capital Goods Scheme ("EPCGS"). *See* Letter from Eric C. Emerson to the Honorable Gina Raimondo, Re: Certain Off-the-Road Tires from India: ATC Tires Private Ltd.'s Response to Section III of the Initial Countervailing Duty Questionnaire ("*Initial Questionnaire*") (Oct. 16, 2024).

9. Under the AAP, participating firms are eligible for exemptions from import duties associated with imported inputs used in the production of exported merchandise. *See id*. at 2-13. In order to ensure that the imported inputs for which the participating firm is claiming the duty exemptions are used in the production of exported merchandise, the Government of India ("GOI") issues licenses that provide for duty-free importation of a specified quantity of the identified input(s). *See id*. The quantity of input(s) that can be imported duty-free under a given license is ultimately driven by the ratio of the identified input(s) required to produce a certain quantity of the specified finished merchandise that is then exported. *See id*. With respect to Plaintiff, the GOI undertakes a rigorous verification procedure to validate the operative input-output ratio—referred to as an "ad hoc norm"—which underpins the license. *See id*. Once the participating firm has fully utilized the import duty exemptions under a given license and completed exportation of the corresponding quantity of finished merchandise, the firm submits certain documentation to the GOI, after which the GOI issues an Export Obligation Discharge Certificate ("EODC"), and the exemption of the associated import duties under the license is finalized. *See id*. If the participating firm has overclaimed import duties under the license, it is required by Indian law to repay the value of those improperly exempted import duties (with interest) to the GOI. *See id*.

10. Under the SEZ and EOU programs, participating firms are eligible for import duty exemptions on imported inputs and capital goods used in the production of corresponding merchandise at the production facilities with SEZ or EOU status. *See id*. at 13-25. In order to maintain eligibility for those import duty exemptions, the SEZ/EOU facility must meet certain requirements, including maintaining a positive Net Foreign Exchange ("NFE") position over a five-year period. *See id*. If at the end of the five-year period the participating firm has satisfied

this positive NFE requirement (as well as any other applicable requirements), then the import duty exemptions are finalized. *See id*. If the participating firm fails to satisfy the applicable requirements for eligibility, it is required by Indian law to repay the value of those claimed import duty exemptions (with interest) to the GOI. *See id*.

11. Under the EPCGS program, participating firms are eligible for exemptions from import duties associated with importation of certain capital goods. *See id*. at 27-28. Similar to the AAP, the import duty exemptions are permitted for a specified quantity of identified capital goods as set out under the terms of a given license. *See id*.

12. With respect to the SGOG provision of water, the applicable Indian regulations provide that firms outside of a specified industrial area that procure water from the state-owned authority that administers the industrial area are charged a fifty percent markup relative to the cost of water procured by firms operating within the industrial area such as Plaintiff. *See id*. at 45-46 and Exhibit SGOG-1A.

13. In responding to Commerce's *Initial Questionnaire*, Plaintiff argued with respect to the AAP that Commerce should treat the benefit derived from the import duty exemptions under this program as non-countervailable, because the GOI has a reasonable and effective system to confirm the type and quantity of inputs consumed in the production of exported subject merchandise. *See id*. at 8-9. The system consists of validation and approval of the ad hoc norms submitted by Plaintiff by the GOI in connection with the relevant AAP licenses. *See id*. at 6. In the alternative, Plaintiff argued that, to the extent Commerce concluded a countervailable benefit was conferred under the AAP, Commerce should treat such benefit as a contingent liability interest-free loan for the period of review. *See id.* at 9.

14. In responding to Commerce's *Initial Questionnaire*, Plaintiff argued that it did not purchase water from the SGOG state-owned authority that administers the industrial area where one of its plants is located for less than adequate remuneration ("LTAR"). *See id*. at 45-46.

15. From May 6 to May 9, 2025, Commerce conducted its verification of Plaintiff's questionnaire responses in the 2023 countervailing duty administrative review in Mumbai, India. During verification, Plaintiff attempted to submit minor corrections related to reporting errors in relation with import duties exempted under the EPCGS program for the years 2022 and 2023. *See* Memorandum from Trinity Johnson to The File, Re: Countervailing Duty Administrative Review of Certain New Pneumatic Off-the-Road Tires from India: Verification of the Questionnaire Responses of ATC Tires Private Limited ("*Verification Report*") (May 30, 2025) at 18. However, Commerce did not accept Plaintiff's submission of those corrections as minor corrections.

16. On May 30, 2025, Commerce issued its verification report of Plaintiff. In its *Verification Report*, Commerce concluded that it could not fully verify Plaintiff's reporting of the EPCGS program. *See id*.

17. On July 11, 2025, Commerce issued its preliminary results and calculated a subsidy rate of 8.27 percent for Plaintiff. *See Certain New Pneumatic Off-the-Road Tires From India: Preliminary Results of Countervailing Duty Administrative Review; 2023*, 90 Fed. Reg. 30,863, 30,864 ("*Preliminary Results*") (Dep't of Commerce, Jul. 11, 2025). In doing so, Commerce determined Plaintiff's use of the AAP to be countervailable, and countervailed the entire amount of duty exemptions during the period as a grant. *See* Memorandum from Scott Fullerton to Christopher Abbot, Re: Decision Memorandum for the Preliminary Results of the

Administrative Review of the Countervailing Duty Order on Certain New Pneumatic Off-The-Road Tires from India; 2023, (Dep't of Commerce, Jul. 7, 2025) at 16. Specifically, Commerce concluded that although the GOI's verification procedures associated with ad hoc norms generally satisfy the requirements under 19 C.F.R. § 351.519(a)(4), it considers the AAP to provide a benefit until the ad hoc norms are finalized and an EODC is issued to Plaintiff. *See id.*

18. In its *Preliminary Results*, regarding the tax and import duty exemptions provided under the EOU and SEZ programs, Commerce treated import duty exemptions associated with imported inputs and capital goods made during prior completed five-year periods as grants and import duty exemptions associated with imported inputs and capital goods imports made during the ongoing five-year period as contingent liability interest-free loans. *See id*. at 20.

19. In its *Preliminary Results*, Commerce applied adverse facts available ("AFA") to the benefits received by Plaintiff under the EPCGS program. *See id*. at 8-9. With respect to the SGOG program, Commerce rejected Plaintiff's assertion that it did not purchase water for LTAR and determined that the program conferred a benefit in the form of a fifty percent discount on water purchases for entities inside the relevant industrial area, such as Plaintiff. *See id.* at 23.

20. On August 12, 2025, Plaintiff filed a case brief. In its case brief, Plaintiff again argued that that that Commerce should treat benefits conferred under the AAP as non-countervailable, or in the alternative, as contingent liability interest-free loans. *See* Letter from Eric C. Emerson to the Honorable Howard Lutnick, Re: Certain Pneumatic Off-the-Road Tires from India: ATC's Case Brief (Aug. 12, 2025) at 12-16. Specifically, Plaintiff argued that although Commerce correctly determined that the GOI's verification procedures satisfy 19

C.F.R. § 351.519(a)(4), it erred in concluding that the requirements are met only upon the issuance of an EODC as it is a *post facto* administrative formality. *See id.*

21. Regarding the SEZ and EOU programs, Plaintiff argued in its case brief that import duty exemptions do not constitute a countervailable benefit. *See id.* at 6-12. Specifically, Plaintiff argued that: (1) the full amount of the raw material duty exemptions does not constitute a benefit because the vast majority of the imported raw materials were consumed in the production of the exported merchandise; and (2) Commerce erroneously changed its long-standing methodology for calculating benefits under the EOU and SEZ programs without adequate explanation or justification. *See id.*

22. Plaintiff also argued in its case brief that Commerce erred in rejecting Plaintiff's updated EPCGS data as a minor correction during verification. *See id.* at 16-27. Specifically, Plaintiff argued that: (1) Commerce's rejection of the data was inconsistent with the governing legal standards and Commerce's own verification practice; (2) Commerce failed to provide a written, reasoned explanation as required by 19 U.S.C. § 1677m(e) and (f); and (3) applying AFA was inappropriate since Plaintiff fully cooperated in providing the updated data. *See id.*

23. With respect to the SGOG water program, Plaintiff argued in its case brief that Commerce's preliminary finding that it procured water for LTAR is unsupported by law or fact. *See id.* at 27-29. Specifically, Plaintiff argued that Commerce's conclusion rests on the incorrect assumption that the plants inside the industrial area receive a fifty percent discount, which misreads the Gujarat Industrial Development Corporation ("GIDC") Water Supply Regulation of 1991. *See id.*

24. On March 19, 2026, Commerce published the *Final Results*, in which it rejected Plaintiff's arguments regarding the AAP, EOU, SEZ, EPCGS, and SGOG programs. In the *Final Results*, Commerce calculated a subsidy rate of 5.96 for Plaintiff. *See Final Results* at 13,286.

25. On March 23, 2026, Plaintiff and Petitioner filed ministerial error comments. *See* Letter from Eric C. Emerson to the Honorable Howard Lutnick, Re: Certain New Pneumatic Off-the-road Tires From India: ATC Tires Private Ltd.'s Ministerial Error Comments ("*Ministerial Error Comments*") (Mar. 23, 2026); *see* Letter from Jennifer M. Smith-Veluz to the Honorable Howard Lutnick, Re: Certain New Pneumatic Off-the-Road Tires from India (Mar. 23, 2026). In its *Ministerial Error Comments*, Plaintiff argued that Commerce made an inadvertent ministerial error by including certain SEZ and EOU import and local duty exemptions in its countervailing duty margin calculations and provided corrected versions of the relevant calculation worksheets addressing this error. *See Ministerial Error Comments* at 2-3 and Exhibit ME-1. Among the issues related to those duty exemptions raised by Plaintiff, one facet was that certain of the countervailed duties included in the benefit calculation were double-counted (i.e., the same duties were included twice in the benefit calculation). *See* Letter from Eric C. Emerson to the Honorable Howard Lutnick, Re: Certain New Pneumatic Off-the-road Tires From India: ATC Tires Private Ltd.'s Rebuttal to Petitioner's Ministerial Error Comments (Apr. 2, 2026) at 5-7.

26. On April 29, 2026, Commerce published the *Amended Final Results*. In the *Amended Final Results*, calculated a subsidy rate of 7.44 for Plaintiff. *See Amended Final Results* at 23,064. In the *Amended Final Results*, Commerce failed to correct for the double-counted duties that Plaintiff had raised in its *Ministerial Error Comments*.

## STATEMENT OF CLAIMS

### COUNT 1

27. Paragraphs 1 to 26 are incorporated by reference.

28. In treating benefits conferred by the AAP as a fully countervailable subsidy, Commerce failed to consider record evidence establishing that Plaintiff satisfied the legal requirements under 19 C.F.R. § 351.519(a)(4), and erroneously concluded that the full amount of raw material duty exemptions constitutes a benefit, even though the imported raw materials associated with the duty exemption were verifiably consumed in the production of exported merchandise. Additionally, Commerce failed to consider record evidence in treating the benefits conferred under the AAP as grants rather than as a contingent liability interest-free loan in the amount of the duty payments forgone under the AAP during the period. As such, Commerce's determination is unsupported by substantial evidence on the record, or otherwise not in accordance with law.

### COUNT 2

29. Paragraphs 1 to 28 are incorporated by reference.

30. Commerce's calculation of benefits provided to Plaintiff under the SEZ and EOU programs failed to consider record evidence because Commerce erroneously countervailed the entire amount of raw materials duty exemptions under both programs, despite the fact that the vast majority of the duty exemptions pertained to imported raw materials used in the production of exported subject merchandise. Additionally, Commerce's approach to the benefit calculation for these input-related import duty exemptions represented an arbitrary and unexplained alteration of Commerce's long-standing methodology for calculating such benefits. Commerce's

failure to properly consider this evidence and its unjustified departure from past practice renders its determination unsupported by substantial evidence on the record, or otherwise not in accordance with law.

**COUNT 3**

31. Paragraphs 1 to 30 are incorporated by reference.

32. Commerce's decision to reject Plaintiff's updated data for the EPCGS program as a ministerial error and subsequent application of AFA was not in accordance with law because it failed to provide a reasoned explanation as required by 19 U.S.C. § 1677m(e) and (f) and did not account for Plaintiff's full cooperation in responding to all requests for information and voluntarily disclosing the error during verification, and erroneously refused to consider the corrections made as "minor" in a manner consistent with past practice.

**COUNT 4**

33. Paragraphs 1 to 32 are incorporated by reference.

34. Commerce's calculation of benefits conferred under the SGOG program and its incorrect interpretation of the GIDC Water Supply Regulation was unsupported by substantial evidence on the record, or otherwise not in accordance with law.

**COUNT 5**

35. Paragraphs 1 to 34 are incorporated by reference.

36. Commerce's erroneous inclusion of certain double-counted EOU and SEZ import and local duty exemptions in its countervailing duty margin calculations was unsupported by substantial evidence on the record, or otherwise not in accordance with law.

**DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court: 1) hold that the *Final Results* are not supported by substantial evidence and is otherwise not in accordance with law to the extent alleged herein; 2) remand this matter to Commerce to recalculate Plaintiff's countervailing duty and cash deposit rate consistent with the Court's final decision; and 3) provide such other relief as this Court deems proper.

Respectfully submitted,

/s/ Eric C. Emerson
Eric C. Emerson
Ron Kendler
Christopher G. Forsgren

Steptoe LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-8076

Attorney for Plaintiff ATC Tires Private Ltd.

Date: May 15, 2026